UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 16-CV-7011 (JFB) (GRB)
_____

FOTINI POLIZOIS,

Plaintiff,

VERSUS

VENGROFF WILLIAMS, INC.,

Defendant.
_____

**Memorandum and Order**
March 22, 2018
_____

JOSEPH F. BIANCO, District Judge:

Plaintiff Fotini Polizois ("Polizois" or "plaintiff") brings this putative class action against defendant Vengroff Williams, Inc. ("Vengroff" or "defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Polizois alleges that a debt collection letter she received from Vengroff ("the Collection Letter") violates the FDCPA because it fails to adequately identify the creditor to whom the debt is owed and fails to notify her that the stated amount owed might increase due to interest, fees, or collection costs.

Presently before the Court is Vengroff's motion for summary judgment. Vengroff argues that the Collection Letter adequately identifies plaintiff's creditor, and was not required under the FDCPA to include language regarding contractual interest or late payment fees. Defendant's motion does not address plaintiff's claims that the Collection Letter was required to notify her that the amount owed might increase due to collection costs and prejudgment interest under New York C.P.L.R. § 5001.

For the reasons that follow, the Court grants summary judgment to defendant on (1) the claims that defendant failed to adequately identify plaintiff's creditor, and (2) the claims that defendant was required to notify plaintiff that the amount owed might increase due to contractual interest and late payment fees. Because defendant's motion does not specifically address whether the Collection Letter was required to notify plaintiff that the amount owed might increase as a result of collection costs (pursuant to the invoices) and prejudgment interest (pursuant to New York C.P.L.R. § 5001), the Court does not reach those issues. The Court will

allow defendant to file an additional motion for summary judgment on those claims, if defendant wishes to do so.

I. BACKGROUND

A. Facts

The following facts are taken from defendant's Rule 56.1 Statement of Facts[1] ("Def.'s 56.1"), as well as the parties' declarations and exhibits. The Court construes the facts in the light most favorable to plaintiff. Unless otherwise noted, the facts are either undisputed or uncontroverted by admissible evidence.

This dispute centers on the Collection Letter sent by Vengroff to Polizois in July 2015. (Compl. Ex. A.) Polizois incurred the underlying debt in connection with laboratory tests ordered by her physician and conducted by Enzo Clinical Labs ("Enzo") about a year earlier, in July and December 2014. (Wagner Decl. ¶¶ 6, 13.) After Enzo conducted each test, plaintiff's health insurance carrier determined that plaintiff was responsible for paying $25.87. (*Id.* ¶¶ 7-8, 14-15.) Accordingly, Enzo sent plaintiff an invoice for $25.87 for each test. (*Id.* ¶¶ 9, 16.) When Enzo did not receive payment from plaintiff, it sent two additional invoices for each test. (*Id.* ¶¶ 10-11, 17-18.) Each invoice was for only $25.87.[2] (*Id.*) When plaintiff still did not remit payment for either laboratory test, Enzo referred both debts to Vengroff for collection. (*Id.* ¶¶ 12, 19.)

To that end, Vengroff sent plaintiff the Collection Letter. (Compl. Ex. A.) As relevant here, Enzo is identified as Vengroff's "client" at the top of the Collection Letter. Immediately beneath that, the Collection Letter states an "amount due" of $51.74 (the total amount owed to Enzo for both laboratory tests). The Collection Letter then informs Polizois that Vengroff is a "debt collection agency" that has "been engaged by the above creditor." (*Id.*) It further states that "As of 04/23/15 ENZO CLINICAL LABS INC. has not yet received the past due amount of $51.74." (*Id.*) A detachable payment slip at the bottom of the Collection Letter again identifies Enzo as Vengroff's "client" and states an "amount due" of $51.74. (*Id.*) The Collection Letter does not indicate whether any interest, fees, or other charges might be

---

[1] The Court notes that plaintiff has failed to comply with Local Rule 56.1 in that she has not submitted a Rule 56.1 statement of fact that includes "a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party." Generally, a "plaintiff['s] failure to respond or contest the facts set forth by the defendants in their Rule 56.1 statement as being undisputed constitutes an admission of those facts, and those facts are accepted as being undisputed." *Jessamy v. New Rochelle*, 292 F. Supp. 2d 498, 504 (S.D.N.Y. 2003) (quoting *NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd.*, 262 F. Supp. 2d 134, 139 (S.D.N.Y. 2003)). However, "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (citations omitted). Here, although plaintiff did not comply with Local Rule 56.1, the parties have otherwise provided the Court with the facts necessary to decide this motion, and plaintiff's non-compliance has not prejudiced defendant. Accordingly, the Court, in its discretion, overlooks plaintiff's failure to comply. *See Photopaint Techs., LLC v. Smartlens Corp.*, 335 F.3d 152, 156 n.2 (2d Cir. 2003) (excusing failure to comply with Local Civil Rule 56.1 where the relevant facts were apparent from the parties' submissions and there was no evidence of prejudice from the defect); *Williams v. R.H. Donnelley, Inc.*, 199 F. Supp. 2d 172, 174 n.1 (S.D.N.Y. 2002) (excusing failure to submit statement pursuant to Local Civil Rule 56.1 where the facts were set forth in the party's memorandum of law).

[2] With respect to collection costs, the invoices stated "by accepting Enzo's services, . . . [Customer] agrees that if Enzo is required to take any action to collect outstanding invoices, including hiring counsel and commencing litigation, Customer will pay all costs Enzo incurs, including legal fees, to collect the outstanding amounts due." (Polizois Decl. Ex. 1.)

2

added to the amount owed. (*Id.*)

B. Procedural History

Plaintiff originally filed this lawsuit in New York state court. The action was removed on December 20, 2016, and assigned to the undersigned on December 21, 2016. On February 8, 2017, plaintiff filed a federal complaint. Defendant answered the complaint on February 22, 2017, and moved for summary judgment on May 24, 2017. Plaintiff opposed the motion for summary judgment on June 14, 2017, and defendant replied to that opposition on June 26, 2017. The Court heard oral argument on July 24, 2017. At the Court's request, the parties submitted additional letter briefing on August 7, 2017. The Court has fully considered the parties' submissions and arguments.

II. STANDARD OF REVIEW

The standard for summary judgment is well settled. Under Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013). The moving party bears the burden of showing that it is entitled to summary judgment. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). Rule 56(c)(1) provides that a

> party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (summary judgment unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*." *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (alteration in original) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). As the Supreme Court stated in *Anderson*, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." 477 U.S. at 249-50 (citations omitted). Indeed, "the mere existence of *some* alleged factual dispute between the parties alone will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48. Thus, the nonmoving party may not rest upon mere conclusory allegations or denials but must set forth "concrete particulars" showing that a trial is needed. *R.G. Grp., Inc. v. Horn &*

*Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978)). Accordingly, it is insufficient for a party opposing summary judgment "merely to assert a conclusion without supplying supporting arguments or facts." *BellSouth Telecomms., Inc. v. W.R. Grace & Co.-Conn.*, 77 F.3d 603, 615 (2d Cir. 1996) (quoting *Research Automation Corp.*, 585 F.2d at 33).

### III. DISCUSSION

A. Applicable Law

Congress enacted the FDCPA in response to the "use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692a. Because "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy," the FDCPA aims "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Id.* §§ 1692a, 1692e. The FDCPA provides "examples of particular practices that debt collectors are forbidden to employ," but the list of examples "is non-exhaustive, and the FDCPA generally forbids collectors from engaging in unfair, deceptive, or harassing behavior." *Kropelnick v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002).

Although "Congress painted with a broad brush" in drafting the FDCPA, "not every technically false representation by a debt collector amounts to a violation of the FDCPA." *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 94 (2d. Cir. 2012) (citation omitted). Instead, a communication violates the FDCPA if it "could mislead a consumer as to the nature and legal status of the underlying debt, or if it could impede a consumer's ability to respond to or dispute collection," or if it is "contradictory, vague, or threatening." *Id.* at 94-95 (collecting cases).

To determine whether a communication violates the FDCPA, courts apply an objective test based on the understanding of the "least sophisticated consumer." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993); *see Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993); *Vu v. Diversified Collection Servs., Inc.*, 293 F.R.D. 343, 359 (E.D.N.Y. 2013). According to the Second Circuit, the "least sophisticated consumer" standard is "an objective analysis that seeks to protect the naive from abusive practices while simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt collection letters." *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360, 363 (2d. Cir. 2005) (citations omitted). However, the Second Circuit has emphasized that "even the least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id.* (quoting *Clomon*, 988 F.2d at 1318-19). Thus, a communication is considered false, deceptive, or misleading to the "least sophisticated consumer" if it is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012). This is a question of law. *Shami v. Nat'l Enters. Sys.*, 914 F. Supp. 2d 353, 359 (E.D.N.Y. 2012).

Here, plaintiff alleges claims under FDCPA Sections 1692e, 1692g and 1692f, and specific subsections thereunder, which the Court will briefly explain in turn.

4

1. Section 1692e

Section 1692e establishes a general prohibition against a debt collector's use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The section then includes a non-exhaustive list of prohibited conduct, including (1) "the false representation of the character, amount, or legal status of any debt," *id.* § 1692e(2)(A); (2) "threat[s] to take any action that cannot legally be taken or that is not intended to be taken," *id.* § 1692e(5); and (3) "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," *id.* § 1692e(10).

2. Section 1692g(a)

Section 1692g(a) sets forth required disclosures for a debt collector's initial communication to a consumer. As relevant here, this section requires that the initial communication include "the amount of the debt," 15 U.S.C. § 1692g(a)(1), and "the name of the creditor to whom the debt is owed," *id.* § 1692g(a)(2).

3. Section 1692f

Section 1692f is a "catchall provision" that states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." *See Rogers v. Capital One Servs., LLC*, 447 F. App'x 246, 249 (2d Cir. 2011). "Unconscionable" means "shockingly unjust or unfair" or "affronting the sense of justice, decency, or reasonableness." Gallego v. Northland Grp., Inc., 814 F.3d 123, 127-28 (2d Cir. 2016). Like Section 1692e, Section 1692f contains a non-exhaustive list of prohibited conduct, including "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

B. Analysis

The parties do not dispute that plaintiff is a "consumer" and defendant is a "debt collector" as those terms are defined by the FDCPA, and that the instant dispute is therefore covered by that statute. The only issue for the Court is whether defendant violated the above-described FDCPA provisions. As mentioned above, the alleged violations center on whether the Collection Letter (1) adequately identified Enzo as plaintiff's creditor, and (2) was required to notify plaintiff that the amount owed might increase due to interest, fees, and/or other costs. For the reasons that follow, the Court concludes that the Collection Letter adequately identifies plaintiff's creditor. The Court further concludes that the Collection Letter was not required to include language regarding contractual interest or late payment fees in this particular case because it is uncontroverted that the agreement between Enzo and plaintiff did not provide for interest or late payment fees.

Because defendant's motion does not address why summary judgment is warranted on plaintiff's allegations that the Collection Letter was required to include language regarding collection costs and prejudgment interest under New York CPLR § 5001, the Court does not interpret the motion as requesting summary judgment on those claims, and will not reach those issues. However, the Court will allow defendant to file a motion for summary judgment on those claims, if defendant wishes to do so.

1. Creditor Identification

Polizois argues that the Collection Letter fails to adequately identify Enzo as her creditor in violation of Section 1692g(a)(2)'s requirement that a debt collection letter include "the name of the creditor to whom the

debt is owed." 15 U.S.C. § 1692g(a)(2). Plaintiff also alleges that this same failure renders the Collection Letter misleading and deceptive under Sections 1692e and 1692e(10). The Court disagrees.

As noted above, Section 1692g(a)(2) requires an initial debt collection letter to include "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). This requirement is satisfied if, reading the letter as a whole, "the least sophisticated consumer . . . would have been aware that the name of the creditor appeared in the letter." *E.g.*, *Taylor v. MRS BPO, LLC*, No. 17-CV-1733(ARR) (RER), 2017 WL 2861785, at *3 (E.D.N.Y. July 5, 2017) (citing *Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007)). Applying this standard, courts in this district have concluded that including the creditor's name in a collection letter, without more, is insufficient to satisfy Section 1692g(a)(2). *E.g.*, *McGinty v. Prof'l Claims Bureau, Inc.*, No. 15-cv-4356 (SJF) (ARL), 2016 WL 6069180, at *4 (E.D.N.Y. Oct. 17, 2016). In contrast, several courts have concluded that collection letters that identify the creditor "as the 'customer' or 'client' of the debt collection agency" are sufficient. *E.g.*, *Romano v. Schachter Portnoy, LLC*, 17-CV-1014 (ARR) (CLP), 2017 WL 2804930, at *2 (E.D.N.Y June 28, 2017) (collecting cases).

Here, the Collection Letter states that Vengroff is a debt collection agency that has "been engaged by the above creditor," and the only entity identified "above"—or anywhere else in the Collection Letter—is Enzo. The Collection Letter additionally states that, "[a]s of 04/23/2015 ENZO CLINICAL LABS INC. has not yet received the past due amount of $51.74," further making clear that Vengroff is attempting to collect a debt owned by Enzo. Moreover, Enzo is identified as Vengroff's "client" at both the top and bottom of the Collection Letter. Based on these uncontroverted facts, the Court concludes that the least sophisticated consumer, reading the Collection Letter as whole, would be aware that Enzo is the creditor. The Collection Letter, therefore, satisfies Section 1692g(a)(2).

For the same reasons, the Collection Letter is not open to more than one reasonable interpretation as to the identity of plaintiff's creditor, and thus is not deceptive or misleading as to that fact under Sections 1692e and 1692e(10). *See, e.g.*, *Taylor*, 2017 WL 2861785, at *3 (standard for determining a Section 1692e violation is "essentially the same" as that for Section 1692g); *Papetti v. Rawlings Fin. Servs., LLC*, 121 F. Supp. 3d 340, 353 (S.D.N.Y. 2015) (same); *Castro v. Green Tree Servicing LLC*, 959 F. Supp. 2d 698, 711 (S.D.N.Y. 2013) (same). Accordingly, the Court grants summary judgment to defendant on the claims that the Collection Letter fails to adequately identify plaintiff's creditor.[3]

2. Amount of the Debt

Plaintiff alleges that the Collection Letter's stated amount owed was misleading and deceptive under FDCPA Sections 1692e, 1692e(2)(a), and 1692e(10). Specifically, plaintiff alleges that the Collection Letter violates these provisions because it does not notify plaintiff that the amount due might increase as a result of contractual interest, fees, and/or other costs. In response, defendant argues that the Collection Letter was not required to notify plaintiff that the

---

[3] To the extent plaintiff's ninth cause of action, which lacks any additional factual allegations, asserts that defendant's failure to adequately identify plaintiff's creditor violated Section 1692f, summary judgment is granted to defendant. There was nothing unfair or unconscionable about defendant's identification of plaintiff's creditor.

6

amount due might increase because the agreement between Enzo and plaintiff did not provide for interest or late payment fees, and neither Enzo nor Vengroff ever attempted to collect interest or late payment fees from plaintiff.

Plaintiff does not dispute that her agreement with Enzo did not provide for interest or fees. (Wagner Decl. ¶ 21 ("Enzo Clinical Labs did not enter into an agreement with Plaintiff by which Plaintiff's account with Enzo Clinical Labs would accrue interest or late payment fees for unpaid balances."); Russell Decl. ¶ 11 ("The original agreement creating Plaintiff's obligation owed to Enzo Clinical Labs did not contain any provision by which the balance of any account would accrue interest.").) Nor does plaintiff dispute that her account was not, in fact, accruing interest or fees, (Wagner Decl. ¶¶ 21-23; Russell Decl. ¶¶ 12-16, 19), or that neither Enzo nor Vengroff ever attempted to collect interest or fees from her, (Wagner Decl. ¶ 24; Russell Decl. ¶ 18). To the contrary, the undisputed evidence establishes that had plaintiff remitted $51.74 to either Enzo or Vengroff, that payment would have satisfied her debt in full. (Wagner Decl. ¶¶ 25-26; Russell Decl. ¶ 15.)

Although a collection letter must notify a debtor that her balance *is accruing* interest and/or fees, *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 74 (2d Cir. 2016), plaintiff has not identified any authority for her argument that a collection letter must affirmatively notify a debtor that her balance *is not accruing* interest or fees. To the contrary, courts that have considered the issue have correctly concluded that no such affirmative duty exists. *See, e.g.*, *Kraus v. Prof'l Bureau of Collections of Md., Inc.*, No. 17-CV-3402, 2017 WL 6398744, at \*7 (E.D.N.Y. Nov. 27, 2017) ("If a collection letter simply states a debtor's account balance without mentioning interest or

affirmatively indicating that the balance is static, then the letter is not 'open to more than one reasonable interpretation' as to whether interest is accruing."); *Derosa v. CAC Fin. Corp.*, No. 16-cv-1472, 2017 WL 4402459, at \*4 (E.D.N.Y. Sept. 29, 2017) (debt collector not required to "advise a consumer that the balance may increase due to interest or fees where there is not a possibility of that occurring"); *Dick v. Enhanced Recovery Co., LLC*, No. 15-cv-2631 (RRM) (SMG), 2016 WL 5678556, at \*5 (E.D.N.Y. Sept. 28, 2016) ("[T]here is no requirement that every statement in a debt collection notice include an extra assurance that the fact stated will not change in the future."); *Taylor v. Fin. Recovery Servs., Inc.*, 252 F. Supp. 3d 344, 352 (S.D.N.Y. 2017) ("[A] reasonable consumer could 'be misled into believing that she could pay her debt in full by paying the amount listed on the notice' when interest and fees were continuing to accrue daily after receipt of the notice. But such confusion is not possible here: Plaintiffs adduce no evidence that paying the stated balance due in their respective letters would not satisfy their debts."); *Santibanez v. Nat'l Credit Sys., Inc.*, No. 16-cv-00081-AA, 2017 WL 126111, at \*3 (D. Or. Jan. 12, 2017) (rejecting argument that debt collector was required to affirmatively state that no interest was accruing on balance). Indeed, as noted by the court in *Santibanez*, including information about interest or fees when no interest or fees are due "carries a higher risk of confusing an unsophisticated consumer than simply stating the balance due." 2017 WL 126111, at \*3.

The Second Circuit's decision in *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72 (2d Cir. 2016) does not compel a different conclusion with respect to defendant's obligation to include language regarding interest and fees. In *Avila*, the plaintiff alleged that, although interest was accruing daily at a rate equal to 500% per year on her debt, and although the defendant had

attempted to collect interest, the at-issue collection letter did not notify him that his balance might increase. *Id.* at 74. The Court explained that "if interest is accruing daily, or if there are undisclosed late fees, a consumer who pays the 'current balance' stated on the notice will not know whether the debt has been paid in full," and "h[e]ld that the FDCPA requires debt collectors . . . to disclose that [a debtor's] balance may increase due to interest and fees." *Id.* at 76. Here, however, the undisputed evidence establishes that plaintiff's agreement with Enzo did not provide for interest or fees. Thus, there was no danger that plaintiff would be misled into believing that her account was not accruing interest or fees; to the contrary, that belief would have been entirely accurate.

Finally, as noted above, plaintiff additionally alleges FDCPA violations based on defendant's failure to indicate that the amount due might increase as a result of (1) collection costs (pursuant to the invoices) and (2) prejudgment interest (pursuant to New York CPLR § 5001).[4] As noted in plaintiff's opposition, defendant's motion for summary judgment does not address those claims. At oral argument on the motion, defendant argued that including language regarding collection costs would have violated Section 1692f because Enzo was not contractually or legally entitled to collection costs from plaintiff. The Court requested letter briefing on whether Enzo was entitled to collection costs. However, the parties have not briefed the broader issue of whether defendant was required to notify plaintiff that the amount owed might increase due to collection costs under Section 1692e (for instance, if Enzo sold the debt to a third party who attempted to recover collection costs). The parties have also not briefed the similar issue of whether defendant was required to include language regarding prejudgment interest under Section 1692e. Accordingly, given defendant did not specifically move on those claims (or adequately brief the issues), the Court will not determine whether summary judgment is warranted on those claims.

IV. CONCLUSION

For the reasons stated above, the Court grants summary judgment to defendant on (1) the claims that defendant failed to adequately identify Enzo as plaintiff's creditor, and (2) the claims that defendant was required to notify plaintiff that the amount owed might increase due to contractual interest and late payment fees. Because defendant's motion does not specifically address whether the Collection Letter was required to notify plaintiff that the amount owed might increase as a result of collection costs (pursuant to the invoices) and prejudgment interest (pursuant to New York C.P.L.R. § 5001), the Court does not reach those issues. Defendant may move for summary judgment on the remaining claims, if it wishes to do so.[5]

---

[4] Plaintiff's opposition to summary judgment asserts that the seventh cause of action alleges violations of Section 1692g for failure to include language regarding prejudgment interest under New York CPLR § 5001. However, that cause of action makes no reference to prejudgment interest. Nor does it incorporate any allegations relating to prejudgment interest.

[5] Plaintiff's sixth cause of action alleges that defendant violated various FDCPA provisions because "no factual basis exists" for the amount owed. However, plaintiff has argued the opposite in opposing defendant's summary judgment motion, and has provided no basis to support this cause of action. In any event, the Court concludes that the undisputed evidence establishes a basis for the amount owed, and grants summary judgment to defendant.

Additionally, plaintiff's seventh, eighth, and ninth causes of action simply "repeat and re-allege" the foregoing allegations and state in conclusory fashion

SO ORDERED.

*[signature redacted]*

JOSEPH F. BIANCO
United States District Judge

Dated: March 22, 2018
      Central Islip, New York

\*\*\*

Plaintiff is represented by Mitchell L. Pashkin, 775 Park Avenue, Huntington, NY 11743. Defendant is represented by Richard J. Perr of Fineman Krekstein & Harris, P.C., Ten Penn Center, 1801 Market Street, Philadelphia, PA 19103.

---

that defendant violated various FDCPA provisions. (Compl. ¶¶ 46-51.) Because the claims are redundant and fail to provide any notice regarding the facts on which they are based, summary judgment is granted to defendant on those claims as well.